NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-194-KKC

GREGORY KILGORE                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

DONALD STINE, ET AL.                                              RESPONDENT

This matter is currently before the Court for consideration. Gregory Kilgore, an individual currently incarcerated in the United States Prison in McCreary County, Kentucky ("USP-McCreary"), filed a *pro se* petition for writ of habeas corpus [Record No. 1] and an accompanying Memorandum of Law [Record No. 3].

The petitioner did not pay the requisite $5.00 filing fee. Instead, he filed an "Application to Proceed Without Prepayment of Fees and Affidavit" [Record No. 2]. The petitioner attached to his motion to proceed *in forma pauperis* a computer-printed document entitled "Inmate Inquiry," generated by USP-McCreary on February 23, 2005 [*Id.*]. On June 8, 2005, the Court entered an Order denying the petitioner's motion to proceed *in forma pauperis*. The Court concluded that based on the financial information provided when the petitioner filed this action, he had sufficient funds in his inmate account with which to pay the $5.00 filing fee [Record No. 5].[1]

---

[1]In the June 8, 2005 Order, the Court noted that under the category of "National 6 Months Deposits," the "Inmate Inquiry" document listed the amount of **$340.12** as the account balance [*Id.*]. The Court determined that amount, averaged over a six-month period, would have resulted in an average monthly deposit amount of **$56.69**.

1

The petitioner thereafter filed a letter in response to the Order denying *in forma pauperis* status, which the Court construed as a "Motion to Alter or Amend" the June 8, 2005 Order [See letter, Record No. 6]. In his letter/construed motion, the petitioner alleged that he was unable to pay the $5.00 filing fee; that he received no money from his family, and that he was on the waiting list for a prison job. He continued to argue that he should be allowed to proceed *in forma pauperis*.

On July 11, 2005, the Court entered an Order denying the petitioner's construed "Motion to Alter or Amend" the June 8, 2005 Order [See Record No. 8]. The Court, however, did allow the petitioner an additional thirty days in which to pay the $5.00 filing fee.

The Court clearly advised and informed the petitioner that if he failed to pay the $5.00 within the thirty-day extension granted in the Order of July 11, 2005, it would order the case dismissed for want of prosecution. The Court's July 11, 2005 Order further advised the petitioner that if the Court dismissed his complaint on these grounds, it would not be reinstated to this Court's active docket despite the subsequent payment of filing fees [*see* Record No. 8, ¶ 3].

The record reflects that on July 11, 2005, the Clerk of this Court mailed a copy of the July 11, 2005 Order to the plaintiff at his listed and last known address:

Gregory Kilgore
#65724-061
USP - McCreary
P.O. Box 3000
Pine Knot, KY 42635

[*See* Record No. 8; (Attachment: Clerk's Notation)].

There is nothing in the record to indicate that the copy of the Court's July 11, 2005 Order, which the Clerk of the Court mailed to the plaintiff at his last known address at USP-McCreary on July 11, 2005, was returned in the mail as "Undeliverable. The plaintiff has not paid the $5.00 filing

2

fee as directed in the July 11, 2005 Order.  The time for the plaintiff's compliance has expired.

The lenient treatment generally accorded to *pro se* litigants has limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).  The Court determines that the plaintiff bears some responsibility in pursuing his claims in timely fashion, but that he has not diligently advanced his claims despite opportunities from the Court to do so.

The Court construes the plaintiff's failure to pay the $5.00 filing fee, as directed in the Order of July 11, 2005,  as an abandonment of his claims.  The Court determines that this proceeding should be dismissed for want of prosecution, the plaintiff having failed to comply with the July 11, 2005 Order.

<u>CONCLUSION</u>

Accordingly,  **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondents.

This the 25th day of August, 2005.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**